UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAXTER AIR, INC.,

        Plaintiff,

   v.

NOS COMMUNICATIONS, INC., et al.,

        Defendant(s).

NO. CV05-02119P

ORDER ON PLAINTIFF'S MOTION
FOR REMAND

This matter comes before the Court on Plaintiff's Motion to Remand.  (Dkt. No. 6).  Having reviewed all of the pleadings and supplemental materials, the Court GRANTS Plaintiff's Motion. Defendants argue that removal was proper because Plaintiff's Washington Consumer Protection Act claim raises a federal question, but they are incorrect.  The Plaintiff's "well-pleaded complaint" raises no federal question, and the artful pleading doctrine does not apply here because Plaintiff's claim is not completely or expressly preempted, and no necessary federal issue is raised.  Because this case is REMANDED, Defendants' Motion to Dismiss (Dkt. No. 4) is moot and will not be considered.

**Background**

Plaintiff Baxter Air, Inc. is a Washington corporation that was a customer of Defendants NOS Communications, Inc. and Affinity Network, Inc., which are jointly-run companies that solicit customers to switch from their current long-distance telephone service to Defendants' service. (Compl. at 2, ¶ 3-6; 5, ¶¶ 33-34).  Plaintiff alleges that in using a complex and difficult-to-understand "call-unit" billing method, Defendants have engaged in an unfair or deceptive business practice in violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010 et seq.  (Id. at 8, ¶ 61; 6, ¶¶ 41-49).  The Complaint also alleges that Defendants have been sanctioned and investigated by various state and federal agencies, including the Federal Communications Commission ("FCC").

ORDER ON PLAINTIFF'S MOTION FOR REMAND - 1

1   (Id. at 6-7, ¶¶ 51-58).  Plaintiff initially filed the Complaint in King County Superior Court in

2   November of 2005, (Id. at 1), and Defendants timely removed to this Court pursuant to 28 U.S.C. §

3   1441, (Notice of Removal at 1).  Plaintiff now brings this Motion for Remand.

**Analysis**

5       28 U.S.C. § 1447(c) provides that remand may be had at any time prior to judgment if the

6   Court lacks subject matter jurisdiction.  Despite the fact that Plaintiff is the movant, Defendants bear

7   the burden of proving that removal was proper.  Duncan v. Stuetzle, 79 F.3d 1480, 1485 (9th Cir.

8   1996).  The removal statute is strictly construed against removal jurisdiction, California ex rel.

9   Lockyer v. Dynegy, Inc. et al., 375 F.3d 831, 838 (9th Cir. 2004).

10      Defendant argues that federal question removal jurisdiction lies because the challenged billing

11  practices are governed by the Truth-in-Billing and Billing Format regulations adopted by the FCC.

12  (Defs.' Opp'n at 4).  Plaintiff's claims purportedly raise a "substantial and disputed federal issue"

13  because the practices are "subject to the exclusive and comprehensive regulatory scheme" enacted by

14  Congress and the FCC.  (Id. at 5).  For the reasons set forth below, Defendants are incorrect.

15      Federal question jurisdiction ordinarily exists only where a federal question is presented on the

16  face of the plaintiff's properly plead, or "well-pleaded"complaint.  Dynegy, 375 F.3d at 838.  Here,

17  Plaintiff's Complaint raises a question of Washington law, whether Defendants' business practices

18  violate the CPA, not a question of federal law.  The corollary to the well-pleaded complaint rule is the

19  artful pleading doctrine, which provides that a plaintiff "may not avoid federal jurisdiction by omitting

20  from the complaint allegations of federal law that are essential to the establishment of his claim."

21  Lippitt v. Raymond James Fin. Servs., 340 F.3d 1033, 1041 (9th Cir. 2003).  A claim artfully phrased

22  in state law terms may be removed (1) where federal law completely preempts state law, (2) where the

23  claim is expressly preempted by statute, or (3) where the right to relief depends on the resolution of a

24  substantial, disputed federal question.  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl.

25  Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

26  ORDER ON PLAINTIFF'S MOTION FOR REMAND - 2

1    None of these three situations contemplated by the artful pleading doctrine are present here.

2         "Congress may so completely preempt a particular area that any civil complaint raising this

3    select group of claims is necessarily federal in character." Id.  However, Plaintiff's claims are not

4    preempted because, since the 1996 Telecommunications Act, the FCC's "detarriffing [policy] has

5    created a much larger role for state law and this fact is sufficient to preclude a finding that Congress

6    intended to completely occupy the field." Ting v. AT&T, 319 F.3d 1126, 1137 (9th Cir. 2003).

7         Neither are Plaintiff's claims expressly preempted by statute. See Lippitt, 340 F.3d at 1042.

8    Plaintiff alleges a violation of Washington's CPA, not a "failure to comply with or a violation of any of

9    the provisions of [the Federal Communications Act]." 47 U.S.C. § 401(a).  Therefore, Plaintiff's

10   claim does not fit under the Federal Communication Act's exclusive jurisdiction provision. See id.

11        Finally, Plaintiff's claim does not raise a necessary, disputed, and substantial federal issue.

12   Defendants argue that Plaintiff's claim "relates to (and challenges the validity of) the 'construction or

13   effect' of substantial federal laws and regulations," (Defs.' Opp'n at 5), but it does no such thing.

14   Defendants rely on Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 125 S. Ct. 2363, 2368

15   (2005), but in that case, federal law was an essential element of the claim.  In this case, however, no

16   reference to federal law is necessary to resolve Plaintiff's claim.  Defendants have not carried their

17   burden of identifying a necessary, substantial, and disputed federal issue raised by Plaintiff's claim.

18                                            **Conclusion**

19        Plaintiff's claim raises no federal question, is not completely or expressly preempted, and it

20   does not require resolution of a necessary federal issue.  Accordingly, Plaintiff's Motion to Remand is

21   GRANTED, and this case is REMANDED.  Defendant's Motion to Dismiss is therefore moot.

22        The clerk is directed to provide copies of this order to all counsel of record.

23        Dated: March 10, 2006

24                                    _Marsha J. Pechman_

25                                    Marsha J. Pechman
                                      United States District Judge

26   **ORDER ON PLAINTIFF'S MOTION FOR REMAND - 3**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**ORDER ON PLAINTIFF'S MOTION FOR REMAND - 4**